Argued October 9; reversed October 22, 1940

# STATE INDUSTRIAL ACCIDENT COMMISSION
*v.* GOODE

(106 P. (2d) 296)

*C. S. Emmons*, Assistant Attorney General (I. H. Van Winkle, Attorney General, and Oliver Crowther, Assistant Attorney General, on the brief), for appellant.

*W. C. Winslow*, of Salem, for respondent.

BAILEY, J. This action was brought by the State Industrial Accident Commission to recover from Don D. Goode the sum of $856.51 paid by it to and on account of Mary Katherine Schlies, who sustained injuries while employed by the defendant in a hazardous occupation and prior to the giving of notice by the defendant to the Commission that such occupation was hazardous. The defendant's demurrer to the complaint was sustained and judgment was entered in favor of defendant for his costs and disbursements. The plaintiff has appealed.

The defendant on May 20, 1936, began the operation of a printing plant with power-driven machinery, in Marion county, Oregon. Thereafter, on November 24, 1936, while Mary Katherine Schlies was engaged as operator of a printing press driven by power machinery her hand was caught in the printing press and as a result of that accident she suffered certain injuries.

On December 17 of that year she filed with the Commission her application for compensation, and on January 11, 1937, her claim was approved.

As a result of the injuries she received, the claimant was temporarily and totally disabled from performing work in a gainful occupation for a period of eight months and three and one-half days. Because of such temporary total disability she was paid by the Commission the sum of $244.04. The Commission was further required to pay medical costs and expenses incurred on account of this claimant's injuries, in the sum of $132.75.

In consequence of her accidental injuries the claimant sustained permanent loss of function of three fingers in various degrees specified in the complaint, and on August 10, 1937, the Commission paid her $479.72 in a lump sum as in full settlement of the award to her which had previously been made for such permanent partial disability.

Prior to beginning the business of operating his printing plant, and prior to the injuries to the claimant, the defendant did not notify the Commission that he proposed to engage or was engaged in a business involving the use of power-driven machinery; nor did he give the plaintiff written notice of his election not to contribute to the industrial accident fund.

The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action against the defendant, "for the reason that the statute upon which the same is attempted to be based is invalid and void." The statute which the defendant contends is null and void, but which the plaintiff relies upon as entitling it to a recovery from the defendant,

is chapter 144, Oregon Laws 1935, § 49-1822-a, Oregon Code 1935 Supplement, reading as follows:

"If a workman of an employer engaged in a hazardous occupation shall receive an accidental injury prior to the time the employer has filed with the commission a notice of engaging in a hazardous occupation, as required by section 49-1822, and such workman or other beneficiaries shall file a claim for compensation with the commission on account of said injury, the cost of such claim to the industrial accident fund shall be a claim against the employer. The commission shall recover such claim from the employer for the benefit of the industrial accident fund.

"If a workman shall appeal from an order of the commission in any claim in which the alleged accident occurred before the employer filed with the commission the notice required by section 49-1822, the commission forthwith shall serve upon the employer a copy of the complaint and a demand that the employer intervene in said appeal as a party defendant. Such service shall be made in the manner provided by law for the service of summons. The employer may intervene in said appeal as a party defendant within twenty [20] days after the service of said complaint or within such further time as may be allowed by order of the court. If such employer shall not intervene in the appeal, the court shall have jurisdiction of such employer to the same extent as if he had intervened."

Before discussing this section as applied to the case before us, it is well to consider other sections of the Workmen's Compensation Act. Section 49-1815, Oregon Code 1935 Supplement, defines the hazardous occupations embraced by the provisions of the Workmen's Compensation Act, and included among such occupations are those in which power-driven machinery is used. All employers engaged in hazardous occupations are subject to the provisions and requirements of the

Workmen's Compensation Act, unless they file with the Commission written notice of election to be relieved from the obligations imposed by the Act: § 49-1810, Oregon Code 1935 Supplement. Section 49-1822, Oregon Code 1935 Supplement, provides that no person, firm or corporation subject to the Workmen's Compensation Act shall engage as employer in any of the hazardous occupations enumerated in § 49-1815, *supra*, unless and until such employer shall have filed with the Commission a statement in writing, giving the name and address of the employer and describing the hazardous occupation in which the employer is engaged or intends to engage.

The defendant by his demurrer to the complaint admits that at the time of the accidental injury to the claimant he was engaged in a hazardous occupation, that he had not filed notice of election not to come under the provisions of the Workmen's Compensation Act, and that the defendant had not, at the time of entering upon his hazardous occupation or prior to the time the claimant was injured, given to the Commission the notice required by § 49-1822, *supra*.

With the above provisions of the Workmen's Compensation Act in mind, we now turn to the section upon which the plaintiff relies, § 49-1822-a, hereinabove quoted. Mary Katherine Schlies did receive an accidental injury while working for the defendant and while the defendant was engaged in a hazardous occupation, prior to her employer's filing with the Commission a notice of engaging in such hazardous occupation. The cost of her claim to the industrial accident fund was $856.51. It would therefore appear that the Commission is entitled to recover that sum of money from the defendant, inasmuch as the facts alleged in the complaint bring the case squarely within the pro-

visions of the first paragraph of § 49-1822-a, *supra*, unless it be held that this section of the code is invalid.

The defendant, in support of his contention that § 49-1822-a, *supra*, is invalid, relies upon *Bell v. State Industrial Accident Commission,* 157 Or. 653, 74 P. (2d) 55. The facts in that case are materially different from those in the case at bar. There, Z. R. Riggs, an employer, was engaged in a hazardous occupation at the time one of his employees was injured. Riggs had not notified the Commission of his engaging in such hazardous occupation before the accident to the employee occurred. The employee's claim, filed with the Commission, was denied and the employee appealed to the circuit court. Riggs was brought into the case in the circuit court under the provisions of the second paragraph of § 49-1822-a, *supra.* He was served with a copy of the complaint of the workman against the Commission and a copy of the cross-complaint filed by the Commission. In the cross-complaint the Commission alleged that if the court should find the workman to be entitled to compensation, the Commission would be compelled to expend certain sums of money by reason of the accidental injury suffered by the claimant, and asked that judgment be entered against Riggs and in favor of the Commission for the amounts which the Commission would be under obligation to pay to the workman.

At the conclusion of the trial the court directed the jury to return a verdict in favor of the plaintiff and reserved for further consideration the determination of a motion for a directed verdict in favor of the intervenor, Riggs. Subsequently the court entered judgment in favor of the injured workman, referred back to the Commission the matter of determining the amount of compensation to be allowed to the claimant,

and disallowed recovery from the intervenor. The Commission appealed to this court from such judgment, assigning as error the failure of the trial court to enter judgment against Riggs for the amount of compensation to which the injured workman might be entitled in the course of his disability.

On appeal of the Bell case, it was pointed out by this court that in a proceeding for the recovery of money the judgment must be for a definite amount and that under the facts shown the amount which the Commission would be required to pay to the injured workman was indefinite and uncertain. In that connection this court observed:

"It is thus obvious that at the time the judgment was rendered in the circuit court no one knew how much the commission would be required to pay the plaintiff, and no one knows it now. Should the plaintiff live until he receives all the payments, it will be one amount; should he die tomorrow, leaving no survivors, it will be a different amount; should he die tomorrow, leaving a widow, it might be a still different amount."

It was further pointed out in the opinion in that case that the statute refers to the recovery by the Commission of "the cost of such claim to the industrial accident fund" and that until such cost has been ascertained the amount of recovery against the employer cannot be determined.

There is nothing in the opinion in the Bell case which can be construed as a basis for the defendant's contention that the statute here in question is unconstitutional as applied to the facts in the instant case. In fact, there is language in that opinion to refute the argument of the defendant that the Act is void. We refer particularly to the following excerpts:

"The contention has been pressed upon us by counsel for the intervenor, and counsel *amicus curiae,* that

the statute is invalid because there is no causal connection between the failure of an employer to give the required notice and the injury to the workman. We believe this to be a consideration quite beside the mark. The Oregon workmen's compensation act is an exercise of the state's police power (New York Central Ry. v. White, 243 U. S. 188 (61 L. Ed. 667, 37 S. Ct. 247, L. R. A. 1917 D 1, Ann. Cas. 1917 D 629); Rohde v. State Industrial Accident Commission, 108 Or. 426, 438 (217 P. 627), and it is within the competency of the legislature to enact all laws reasonably necessary or useful for the carrying out of its objects and purposes, and which do not infringe upon the constitutional rights or immunities of the individual. The industrial accident fund is created through contributions from employers and employees, and the legislature has, acting within its undoubted powers, imposed a duty upon all employers who engage in a hazardous occupation to notify the commission thereof, so that the latter may inspect the employer's pay rolls and prevent evasion of the obligation to make contributions to the fund, and accomplish other legitimate purposes not necessary to be detailed here.''

After stating that the legislature had adopted certain ''means of enforcing obedience'' to the requirement that the employer notify the Commission prior to entering upon any hazardous undertaking, the opinion thus continues:

''We are not, therefore, to be understood as holding that the legislature is without power to impose upon an employer, who neglects to give the required notice, a civil liability for his delict, but merely that the present statute, when invoked against an employer before the extent of the liability to which he may be subjected has been determined, is incapable of enforcement.''

■ The defendant in the case at bar contends that the Act is unconstitutional in that there is no provision for

giving the employer an opportunity to appear before the Commission and contest the amount which the Commission awards the injured workman. The answer to this argument is that the Workmen's Compensation Act is elective, and no one is precluded from rejecting the benefits the act bestows and the obligations it exacts. *Evanhoff v. State Industrial Accident Commission*, 78 Or. 503, 154 P. 106. The Act itself prescribes in as much detail as the legislature has deemed necessary the compensation to be awarded the workman for certain injuries, and the basis on which compensation is to be awarded for other disabilities. The Commission is charged with the duty of determining, in accord with the law, the amount of compensation to be awarded an injured workman.

■ In the case at bar, before the Commission can recover from the defendant it must prove that the employer was engaged in a hazardous occupation; that the employee to whom compensation was awarded by the Commission was injured while working for such employer and subject to the Act; that the employer had not given the Commission notice of his engaging in a hazardous occupation prior to the time of the injury; that a claim has been duly filed by the injured workman and an award thereon made by the Commission; and that the amount which the Commission seeks to recover has been paid to or on account of the claimant, as compensation or cost of medical care or both.

■ It is not, however, incumbent upon the Commission in an action of this kind to establish otherwise than by its own records the extent of the workman's injuries or the amount of compensation to which a claimant is entitled. In other words, the determination of those matters has been entrusted by law to the Commission,

and they cannot be litigated in a proceeding of this nature. If entitled at all to recover from the defendant, the Commission is to be repaid the entire "cost of such claim [the injured workman's] to the industrial accident fund," which cost is the amount paid by the Commission to the claimant as compensation, augmented by what it has paid, if anything, as medical costs and expenses occasioned by the injury.

We conclude that the complaint states facts sufficient to constitute a cause of action against the defendant, and that the demurrer thereto should have been overruled. The judgment appealed from is reversed and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

BEAN and LUSK, JJ., not participating

---

BELT, J. (dissenting). I cannot agree to the proposition that, in an action of this kind wherein the Commission seeks judgment against the employer, the latter is not entitled to be heard on the extent of the injuries. Such a construction of the Act deprives the employer of his day in court, thus rendering it unconstitutional. I respectfully dissent.

KELLY, J., concurs in this dissenting opinion.